IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                            Crim. No. 5:10CR5-01

WILLIAM RICHARD GORDON,

        Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR PRETRIAL DISCLOSURE OF GRAND JURY TRANSCRIPTS AS MOOT, DENYING DEFENDANT'S MOTION FOR RELIEF FROM PREJUDICIAL JOINDER, GRANTING DEFENDANT'S MOTION FOR LEAVE TO JOIN CO-DEFENDANTS' MOTIONS, AND DENYING DEFENDANT'S MOTION FOR BILL OF PARTICULARS**

## I. INTRODUCTION

On March 9, 2010, came the above named Plaintiff, by Randolph Bernard, Assistant United States Attorney, and the above named Defendant, by Patricia Kutsch, for an evidentiary hearing and argument on Defendant's Motion for Pretrial Disclosure of Grand Jury Transcripts, Motion for Relief from Prejudicial Joinder, Motion for Leave to Join in the Relief Accorded to Co-Defendants by Their Motions or, in the Alternative, for Leave to Join in Co-Defendants' Motions, and Motion for Bill of Particulars.[1] Testimony was not taken, and no other evidence was introduced.

**A. Background**

On February 2, 2010, Defendant was named in a six-count indictment along with three

---

[1] Dkt. No. 56.

1

other defendants.[2] Defendant was named in all six counts of the indictment and charged with conspiracy to possess heroin with intent to distribute, substantive heroin distribution counts, and being a felon in possession of firearms.

**B.    The Motions**

    1.    Defendant's Motion for Pretrial Disclosure of Grand Jury Transcripts[3]

    2.    Defendant's Motion for Relief from Prejudicial Joinder: Offenses[4]

    3.    Defendant's Motion for Leave to Join in the Relief Accorded to Co-Defendants by Their Motions or, in the Alternative, for Leave to Join in Co-Defendants' Motions[5]

    4.    Defendant's Motion for Bill of Particulars[6]

**C.    Decisions**

    1.    Defendant's Motion for Pretrial Disclosure of Grand Jury Transcripts is **DENIED AS MOOT**.

    2.    Defendant's Motion for Relief from Prejudicial Joinder: Offenses is **DENIED**.

    3.    Defendant's Motion for Leave to Join in the Relief Accorded to Co-Defendants by Their Motions or, in the Alternative, for Leave to Join in Co-Defendants' Motions is **GRANTED**.

---

[2] Dkt. No. 4.

[3] Dkt. No. 45.

[4] Dkt. No. 46.

[5] Dkt. No. 47.

[6] Dkt. No. 48.

4.      Defendant's Motion for Bill of Particulars is **DENIED**.

## II. MOTION FOR PRETRIAL DISCLOSURE OF GRAND JURY TRANSCRIPTS

The Court previously granted a similar motion, the Government's Motion for Disclosure of Grand Jury Material.[7] Therefore, Defendant's Motion for Pretrial Disclosure of Grand Jury Transcripts is **DENIED AS MOOT.**

## III.  MOTION FOR RELIEF FROM PREJUDICIAL JOINDER: OFFENSES

### A.     Contentions of the Parties

Defendant requests that the Court sever count 5 of the indictment, felon in possession of firearms, because the Government has no real evidence that Defendant was engaged in unlawful drug transactions involving the use of firearms or that Defendant traded in firearms in connection with alleged drug offenses. Defendant argues that the felon in possession charge creates an unfair and unjustified inference that cannot be rebutted without his testimony in violation of the right against self-incrimination.

The Government contends that Defendant is charged in a drug conspiracy and that possession of firearms by any defendant relates to the critical element of intent to engage in the possession with intent to distribute heroin. Additionally, the Government argues that the joint offenses only have a logical relationship to one another, which is met in this indictment.

### B.     Discussion

An indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R.

---

[7] Dkt. No. 57.

Crim. P. 8(a) (West 2010). "Rule 8(a) 'permits very broad joinder' because of the efficiency in trying the defendant on related counts in the same trial." United States v. Cardwell, 433 F.3d 378, 385 (quoting United States v. Mackins, 315 F.3d 399, 412 (4th Cir. 2003)). The latter two prongs of the rule are interpreted flexibly and only require that the joined offenses have a "'logical relationship' to one another." Id. (citing United States v. Hirschfeld, 964 F.2d 318, 323 (4th Cir. 1992)). As a remedy to improper joinder, courts "may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a) (West 2010).

> The existence of prejudice, in large measure, depends upon the facts and circumstances of each case, . . . and it is axiomatic that the granting of a severance is within the discretion of the trial judge. . . . The burden of demonstrating prejudice is a difficult one . . . . The defendant must show something more than the fact that 'a separate trial might offer him a better chance of acquittal.'

Park, 531 F.2d, at 762 (quoting Tillman v. United States, 406 F.2d 930, 934-35 (5th Cir. 1969).

Defendant argues that the joinder of count 5, felon in possession of a firearm, is prejudicial and the count should be severed because the Government has no evidence that the Defendant was engaged in unlawful drug transactions involving the use of a firearm and it creates confusion in the minds of the jury so that the jury, believing him guilty of one, presumes Defendant guilty of all. Additionally, Defendant argues that it is possible to be engaged in two unrelated illegal activities.

Besides the liberal standard for joinder, Defendant neglects to recognize that "because of the close relationship between drug trafficking and firearms offenses, joinder of such offenses is ordinarily proper." United States v. Blanchard, 542 F.3d 1133, 1141 (7th Cir. 2008) (citing United States v. Stokes, 211 F.3d 1039, 1042 (7th Cir. 2000)). "This presumption arises from

4

the 'natural inferences that may be drawn from the contemporaneous possession of guns and drugs or drug paraphernalia: the firearm is an indication of drug activity, and participation in drug trafficking supplies a motive for having the gun.'" Id. (quoting United States v. Hubbard, 61 F.3d 1261, 1271 (7th Cir. 1995)); see also United States v. Park, 531 F.2d 754 (5th Cir. 1976) (finding that where drugs and gun were both found during search of defendant's home, it could be said that charges of manufacture of controlled substance and receipt by convicted felon of rifle and shotgun arose from same transaction within rule permitting joinder of offenses based on same act or transaction); United States v. Valentine, 706 F.2d 282 (10th Cir. 1983) (fact that guns, large quantity of cocaine and drug paraphernalia were found in kitchen in the house in which defendant was arrested sufficiently indicated that he possessed both cocaine and guns as part of common plan to sell cocaine, and thus, joinder of cocaine offenses and weapons offenses in one indictment was not improper); United States v. Montes-Cardenas, 746 F.2d 771 (11th 1984) (drug counts were properly joined with firearms count where weapons and drugs were found during the same search); United States v. Moreno, 933 F.2d 362 (6th Cir. 1991) (count charging defendant with being convicted felon in possession of firearm was properly joined with drug conspiracy counts on grounds of trial economy and convenience since conspiracy charge and felon in possession of firearms charge involved overlapping proof); United States v. VonWillie, 59 F.3d 922 (9th Cir. 1995) (charge of being felon in possession of weapons was properly joined in same indictment with charge of using same weapons in relation to drug trafficking crime).

As the Government argued, firearms are tools of the trade when dealing with the illegal distribution of drugs. Witnesses have testified that the Defendant possessed the firearms, at least

in part, to protect his residence, which had previously been burglarized and had cash and firearms taken from it. Additionally, the Defendant admitted to having access to and possession of some of the firearms. Therefore, the joinder of count 5, felon in possession of firearms, was proper. Similarly, severing count 5 is not required under Rule 14. Defendant only argues that the counts together could mislead the jury leading it to believe that Defendant is guilty of all. However, the trial court can adequately advise the jury, with respect to count 5, that it is not to consider the underlying felony conviction.

**C.** **Decision**

Because joinder was proper and Defendant failed to show he would be prejudiced if count 5 was not severed, Defendant's Motion for Relief from Prejudicial Joinder: Offenses is **DENIED**.

### IV. MOTION FOR LEAVE TO JOIN IN THE RELIEF ACCORDED TO CO-DEFENDANTS BY THEIR MOTIONS OR, IN THE ALTERNATIVE, FOR LEAVE TO JOIN IN CO-DEFENDANTS' MOTIONS

Defendant requests that he be joined in the relief accorded to the other named defendants by their motions. The Government does not object to this request. Defendant's Motion is **GRANTED**. However, Defendant must specify which motions he wishes to join and be accorded relief within seven (7) days of the co-defendant's filing.

### V. MOTION FOR BILL OF PARTICULARS

**A.** **Contentions of the Parties**

Defendant requests that this Court direct the Government to answer certain particulars not set forth in the indictment nor adequately provided in disclosure already provided to Defendant.

The Government contends that it has already provided over 400 pages of discovery to Defendant as well as photographic and audio/video evidence and that all the requested information can be gleaned from both the provided discovery and lab results, when available.

**B.      Discussion**

Defendants may move for, and the Court may direct the Government to file, a bill of particulars.  Fed. R. Crim. P. 7(f) (West 2010).  "Ordinarily, the function of a bill of particulars is not to provide 'detailed disclosure of the government's evidence in advance of trial' but to supply 'any essential detail which may have been omitted from the indictment.'" United States v. Anderson, 481 F.2d 685, 690 (4th Cir. 1973) (citing Dillen v. Wainwright, 449 F.2d 331, 332 (5th Cir. 1971).  "A bill of particulars is not to be used to provide detailed disclosure of the government's evidence in advance of trial."  United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 405 (4th Cir. 1985).

In his bill of particulars, Defendant requests that the Government disclose the total amount of heroin identified to the grand jury for the conspiracy count, identities of people who testified to the conspiracy, number of grand jury witnesses, total amounts of heroin allegedly distributed in stamp bags, and total amount of heroin actually seized throughout the investigation.  Defendant contends that this information is necessary to argue against the crime charged and for sentencing purposes and he should not have to wait for trial to discover the exact amount to be presented to the jury.  The Government contends that this information has been and will continue to be supplied to Defendant through lab reports, the grand jury transcripts, and the previously provided discovery.  According to the Government, the totals can be calculated from the continuously supplied discovery.

While the Government could provide the specific amounts and identities to the Defendant by answering the bill of particulars, the purpose of the bill has already been satisfied - "to fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial." Id.  The Government has already provided over 400 pages of discovery and has agreed to continue to disclose lab results.  Additionally, the grand jury transcripts have been released.  This will provide the Defendant with all of the information that he believes is missing.

**C.      Decision**

The purpose of filing a bill of particulars has already been satisfied.  Additionally, the Government has agreed to provide lab results, and the grand jury transcripts have been released.  Therefore, Defendant's Motion for Bill of Particulars is **DENIED**.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: March 26, 2010

                                              /s/ *James E. Seibert*
                                              JAMES E. SEIBERT
                                              UNITED STATES MAGISTRATE JUDGE